United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Lyons, | NO. C 07-03510 JW |
| Plaintiff, | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| Social Security Administration, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1915(a), Plaintiff Michael Lyons has filed an Application to Proceed in Forma Pauperis based on his declaration of poverty.

Title 28 U.S.C. Section 1915(a)(1) provides that "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

Although the Ninth Circuit has not directly addressed whether non-prisoners may bring suit in forma pauperis under the 1996 amendment to § 1915(a), other circuits have found that this right still exists. Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds); Schagene v. U.S., 37 Fed. Cl. 661, 662 (Fed. Cl. 1997); see also Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996). In addition, the Supreme Court has held that an in forma pauperis

applicant need not be "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948). It is sufficient if an applicant provides an affidavit stating that because of his poverty, he cannot "pay or give security for the costs" of a suit. Id.

In this case, Plaintiff has declared under the penalty of perjury that he is not presently employed and has no more than $40 dollars in cash and in his bank account. Plaintiff further declares that he does not own a car or a home. Based on Plaintiff's declaration of poverty, the Court GRANTS Plaintiff's Application to Proceed in Forma Pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the case at any time if the court determines that it "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); See also Denton v. Hernandez, 504 U.S. 25, 27 (1992).

The Court proceeds to examine Plaintiff's tendered Complaint. Plaintiff names two Defendants in his Complaint; the Court examines the sufficiency of the Complaint against each one in turn.

**A.   Claim Against Social Security Administration**

With respect to the Social Security Administration, Plaintiff alleges discrepancies in the amount granted to him by the Commissioner of Social Security and what the amount actually should have been. (Plaintiff Michael Lyon's Complaint for Damages, ¶¶ 2, 5, hereafter, "Complaint," Docket Item. No. 1.) It appears that Plaintiff is alleging a mistake or error by the Social Security Administration; this is governed by 42 U.S.C. Section 405.

Title 42 U.S.C. Section 405 governs the process used to correct errors made by the Social Security Administration. In particular, Section 405(b)(5) allows the Social Security Administration to correct errors in allocation after the expiration of a three-year, three-month and 15 day period. 42 U.S.C. § 405(b)(5). Further, if correction is refused, Section 405(b)(7) allows an individual to request a hearing with the Commissioner of Social Security. 42 U.S.C. § 405(b)(7). Judicial review

of the hearing is proper in a district court within 60 days after the Commissioner makes a decision in the case.  42 U.S.C. § 405(g).

In this case, Plaintiff has not alleged that he has requested a hearing with the Commission of Social Security.  Without an initial hearing with the Commissioner of Social Security, the Court cannot review Plaintiff's case under Section 405.  Accordingly, the Court DISMISSES Plaintiff's case against the Social Security Administration.  The Court grants Plaintiff leave to amend to properly allege whether he has exhausted the administrative remedies available to him under Section 405.

**B.  Claim Against Santa Clara County**

With respect to the Santa Clara County, Plaintiff's Complaint is devoid of any legally cognizable causes of action.  At best, Plaintiff's claim against the County appears to be based on an oral modification of his child support order by Santa Clara County over a decade ago.  (Complaint ¶ 7.)

California Family Code Sections 3660-3668 support modifications to child support orders.  Further, California courts have allowed parties to make oral modifications to child support orders in connection with the discretion of the court.  See Meyer v. Meyer, 115 Cal. App. 2d 48, 49 (1952); In re Marriage of Lambe & Meehan, 37 Cal. App. 4th 388, 392-393).

Since Plaintiff does not mention any mistake in the oral modification and oral modifications are valid under California law, Plaintiff has not stated a cause of action under which he is entitled to relief.  Accordingly, the Court DISMISSES Plaintiff's case against the Santa Clara County.

In light of Plaintiff's *pro se* status, the Court GRANTS Plaintiff leave to amend the Complaint.  Plaintiff shall file an Amended Complaint by **August 27, 2007**.  If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: July 20, 2007

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Michael Joseph Lyons
117 West Beach Street
Watsonville, CA 95076

**Dated: July 20, 2007**                                  **Richard W. Wieking, Clerk**

                                                          **By:  /s/ JW Chambers**
                                                          **       Elizabeth Garcia**
                                                          **       Courtroom Deputy**